Filed 3/4/22  P. v. Cross CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074380 |
| v. | (Super.Ct.No. ICR15222) |
| HARLEY HERBERT CROSS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

In 1992, petitioner Harley Herbert Cross was convicted of (among other things) first degree murder, with a robbery-murder special circumstance.  In 2019, he filed a

1

petition for resentencing under the then-recently amended version of the felony-murder statute. (See § 1170.95.)[1] The trial court denied the petition; it ruled that the robbery-murder special circumstance finding conclusively established that he was not eligible for relief.

Petitioner contends that this was error. Under a published opinion of this court, the trial court's ruling was correct. Hence, we will affirm.

I

FACTUAL, PROCEDURAL, AND LEGAL DEVELOPMENTS

A.    *The Tison Standard*.

Under *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*), a person found guilty of murder on a felony-murder theory cannot constitutionally be sentenced to death unless he or she either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (*Id*. at pp. 150, 158.)

In 1990, Proposition 115 amended section 190.2 so as to expressly incorporate this requirement of *Tison* and to make it applicable to a sentence of life without the possibility of parole. (See now § 190.2, subds. (b), (c), (d).)

---

**1**    This and all further statutory citations are to the Penal Code, unless otherwise specified.

B.     *Statement of Facts.*

The following facts are taken from our opinion in petitioner's appeal from his conviction.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 970-972.)

Petitioner sold his car to the six victims, whose car had broken down.  The next day, he told an acquaintance that he wanted to "rip them off" and to get his car back from them.  He asked the acquaintance to help him.

Petitioner persuaded the victims to let him drive them in the car to Los Angeles, stopping first at the trailer of a friend.  It was nighttime.  When petitioner turned onto a dirt road, the victims told him to stop.  Instead, he turned off the headlights and kept going.  After parking near a trailer, petitioner took the car keys, got out, and "disappeared."  When he reappeared, three masked men were with him.  One had a shotgun; petitioner and the other two men had knives.

The man with the shotgun demanded money.  One of the victims said they had no money.  The man with the shotgun shot him, fatally.  Petitioner echoed the demand for money.  Some of the victims complied; the others hid their money in the car.  When petitioner said, "Let's go," he and the other robbers drove away in the car.

Petitioner testified that the three men were strangers who got the drop on him at the trailer.  He simply explained to the victims that the man with the shotgun wanted their money.  The man with the shotgun ordered him to drive them away.

C.    *Petitioner's Conviction and Appeal*.

At petitioner's trial, in 1992, the jury was instructed on the felony-murder rule.  It was also instructed, in accordance with *Tison*, that it could not find the robbery-murder special circumstance to be true unless petitioner either (1) intended to kill or (2) was a major participant in the underlying robbery and acted with reckless indifference to human life.  (CALJIC 8.80.1.)

The jury found petitioner guilty of:

Count 1:  First degree murder (§§ 187, subd. (a), 189), with an armed principal enhancement (§ 12022, subd. (a)(1)) and a robbery-murder special circumstance (§ 190.2, subd. (a)(17)).

Count 2:  Robbery (§ 211) with an armed principal enhancement.

Petitioner was sentenced to life without the possibility of parole plus one year.

In 1996, this court affirmed the judgment.  (*People v. Cross* (Feb. 29, 1996, E011525) [nonpub. opn.].)  We held, among other things, that there was sufficient evidence that petitioner acted with reckless indifference to human life to support the robbery-murder special circumstance.

D.    *Banks* and *Clark*.

In 2015 and 2016, the California Supreme Court issued two opinions relating to the meaning of "major participant" and "reckless indifference to human life."

First, in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), the evidence showed that defendant Matthews acted as the getaway driver in a planned armed robbery, which

4

turned into a murder when another participant shot a security guard. (*Id*. at p. 795.) Our Supreme Court held that, under *Tison*, this was insufficient evidence that he was a major participant (*Banks*, *supra*, at pp. 804-807) as well as insufficient evidence that he acted with reckless indifference to life. (*Id*. at pp. 807-811.) It disapproved cases holding that mere knowledge that one's accomplice in a robbery is armed is sufficient to establish reckless indifference to human life. (*Id*. at p. 809, fn. 8.)

In 2016, in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), the Supreme Court found insufficient evidence that the defendant acted with reckless indifference to life. (*Id*. at pp. 614-623.) It specifically listed five factors that are potentially relevant to this inquiry. First, "[a] defendant's use of a firearm, even if the defendant does not kill the victim or the evidence does not establish which armed robber killed the victim, can be significant to the analysis of reckless indifference to human life." (*Id*. at p. 618.) Second, a defendant's physical presence at the scene, while not absolutely required, is relevant, as is the failure to render aid to a victim. (*Id*. at pp. 619-620.) Third, the duration of the felony is relevant. (*Id*. at pp. 620-621.) Fourth, it is relevant whether the defendant knows that an accomplice has a propensity to violence, especially lethal violence. (*Id*. at p. 621.) Fifth, it is relevant, although not controlling, that the defendant took steps to minimize the risk to human life. (*Id*. at pp. 621-622.)

E.     *Senate Bill No. 1437*.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.) SB 1437,

among other things, amended section 189 so as to provide that the felony murder rule

(§ 189, subd. (a)) applies to a person only if:

"(1)  The person was the actual killer.

"(2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

"[(4)  T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f).)

SB 1437 also enacted section 1170.95, which allows a person who has been convicted of first or second degree murder under a felony murder theory, but who could no longer be so convicted under SB 1437, to petition to have the conviction vacated.  If the underlying felony was not charged, the conviction is reduced to the underlying felony, and the petitioner is resentenced.  (§ 1170.95, subd. (e).)  The petitioner also must be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)

F.    *Petition for Resentencing.*

In 2019, petitioner, in propria persona, filed a petition for resentencing under section 1170.95.  Counsel was appointed for him.

6

At a status conference, the prosecutor moved to dismiss the petition. He argued, "A robbery/murder special circumstances was found true, which based on my experience, does require at least a finding of major participant with reckless indifference . . . ." The trial court agreed and granted the motion.

II

THE EFFECT OF THE FELONY-MURDER SPECIAL CIRCUMSTANCE

Petitioner contends that the trial court erred by ruling that the robbery-murder special circumstance conclusively established that he was not eligible for resentencing. He argues that *Banks* and *Clark* narrowed the definition of both "major participant" and "reckless indifference to human life," so that the jury's pre-*Banks* and *Clark* true finding does not establish that he comes within that definition.

In *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), review granted January 27, 2021, S265854, this court rejected an identical contention. (*Id.* at pp. 482-485.) We held that "*Banks* and *Clark* did not change the law," and therefore "[a] special circumstance finding renders [a petitioner] ineligible for relief under section 1170.95 as a matter of law." (*Id.* at pp. 480-481.)

We readily acknowledge that there is a split of authority on this point. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482-483.) The issue is presently before the Supreme Court in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606. Unless and until the Supreme Court instructs us otherwise, however, we

7

adhere to our opinion in *Jones*. Even though review in *Jones* has been granted, it remains persuasive (Cal. Rules of Court, rule 8.1115(e)), especially in this court.

As we suggested in *Jones* (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479, and cases cited), a person in petitioner's position is not wholly without a remedy. He or she can challenge prior special circumstance findings in a habeas proceeding. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 676-683.) We express no opinion as to whether, in petitioner's case, there might be some procedural bar to such a proceeding at this point.

## III

## DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                    P. J.


We concur:

McKINSTER_____
                      J.

MILLER_____
                      J.

8